MERRITT J. SMITH vs. T. V. BERRY, Administrator of N.
Touchstone, deceased.

B., administrator of T.'s estate, reported the estate insolvent. Commissioners of
    insolvency were appointed in April, 1840, who afterwards, in June, 1841, made
    their report, which was received by the court, and they discharged from any
    further consideration of the subject. In February, 1842, S., a creditor of T.,
    who had failed to present his claim to the commissioners, filed a petition to
    have other commissioners appointed, and the first report set aside, on the
    ground that he had no notice of the time of their sitting, which petition the
    court below refused to grant. S. then filed a petition to have his claim referred
    to referees, which was also refused, and both petitions dismissed. Held, that
    the court below was right in refusing and dismissing both petitions.
The probate court cannot, at a term subsequent to that at which the report of
    the commissioners of insolvency is received and confirmed, set it aside, unless
    from some reason, the previous order had been null and void.
The provision of the statute, in regard to the appointment of referees, for the
    allowance of claims against insolvent estates, is, so far as relates to creditors,
    subsidiary to the appointment of commissioners, and is only called into exer-
    cise when the claim has been submitted to the commissioners, and has been in
    whole or in part rejected.
When the record is silent as to the action of the court below, the presumption
    of law, the court having jurisdiction, is, that the court acted correctly.

THIS cause is brought by writ of error from the probate court
of Rankin county.

The opinion of the court presents all the facts of the case.

The errors assigned were in substance, that the first report
of the commissioners of insolvency was void for irregularity, on
the part of the commissioners, in not making their report under
oath, and other irregularities; and

That the court below erred in not having, in consequence of
the supposed irregularities, set aside the first report.

The record appears to be very imperfect, beginning with the
application of the creditor, at the February term, 1842, of the
court to set aside the first commissioner's report, and conclud-
ing with the rejection of his application to have referees ap-
pointed, which was made at the March term of the same year.

VOL. 1.                    41

In no part of the record does it appear how the first commissioners were appointed, and undertook the discharge of their duties, or in what manner they accomplished them, except that their report merely is embodied in the bill of exceptions.

*Mitchell* and *French*, for plaintiff in error.

The report of the commissioners of insolvency, to audit and allow claims upon the estate of Nathaniel Touchstone, deceased, is void, and ought to be set aside.

1. Because no commissioners of insolvency ought to have been appointed in the first instance, because the report of Thompson V. Berry, administrator, that the estate of Nathaniel Touchstone was insolvent, was not made in pursuance of the statutes in such case made and provided. The statute requires " that the executor or administrator shall exhibit to the orphans' court, before any debts paid to any creditors, except as aforesaid, the account and statement, as is directed on the 98th section of this act, including also the lands, tenements and hereditaments of the testator or the intestate."

Rev. Code, 58, § 103. How. & Hutch. 407, § 76. 409, § 80. The 98th section says : " When any executor or administrator shall discover or believe that the personal estate of his intestate is insufficient to pay the debts of the deceased, then it shall be the duty of such executor or administrator, as the case may be, to make and exhibit upon oath, a just and true account of the said personal estate and debts, so far as he can discover the same, to the orphans' court of the proper county."

It is clear that said Berry made no such exhibition, or the record would disclose it. Therefore all the subsequent proceedings, if regular, are void. The foundation being void, the superstructure must be void also.

2. But the whole proceeding is no less than a tissue of error from the beginning to the end. For the commissioners of insolvency, appointed to audit and allow claims against said estate, were not only appointed without the authority of law, but their own acts and doings are equally lawless. It nowhere appears in the record that they were sworn before or upon entering into the discharge of their duties, or that they made their report upon

oath. And this being a court of limited jurisdiction, no intendment or presumption that all was done right can be extended to it. It must appear upon the records, and the judge, by his.bill of exceptions, admits that the record exhibits no such fact. And,

3. The proceedings under this statute being in derogation of the common law and common rights, must be strictly pursued. The statute requires " That said commissioners shall make their report, and present on oath, a list of all the claims that shall have been laid before them, with the sums they shall allow upon each respective claim to the said orphans' court." See Rev. Code, 59, § 103.

Now it is clear that none of the regulations of the statute have been complied with, and therefore the whole proceedings must be set aside.

Mr. Justice CLAYTON delivered the opinion of the court.

In this cause, it appears that the estate of the decedent had been reported to be insolvent, and that commissioners had been appointed to act upon it, at the April term of the court, 18__. At the June term, 1841, the commissioners made a report, which was received by the court, and they were discharged from any further consideration of the subject. At the February term, 1842, of the court, the appellant caused a summons to be issued for the administrator to appear at the next term of the court, and show cause why the report of the commissioners should not be set aside, and other commissioners appointed to re-state the account. At the ensuing term, this petition was dismissed, or, in the language of the entry, the motion was overruled; to which exceptions were filed.

Afterwards, at the April term, 1842, of the court, Smith filed a petition, in which he stated that his claim had not been filed before the commissioners, because he had no notice of the time of their sitting, and praying that referees might be appointed to pass upon it.

This prayer was rejected, and the petition also dismissed. The statute, in substance, enacts, that notice shall be given by advertisement, by the commissioners, of the time and place

of their meeting; and that six months, or such further time, not exceeding eighteen months, as the court shall direct, shall be allowed to the creditors to bring in their claims. Upon the coming in of the report, the court shall order the fund to be paid out to the creditors reported to have claims, in proportion to their respective amounts. But if any creditor, whose claim is wholly or in part rejected by the commissioners, be dissatisfied with the report, the court may refer such claim to referees, whose report, at the next term of the court, shall be final. By the wish of the administrator, suit may be brought on a claim in a court of law, to have it settled; in such case, the judgment of the court shall determine the claim, and it shall be reported by the commissioners. If the creditor fail to make out his claim before the commissioners, or before the referees, or by action at common law, in the manner directed by the act, he is to be forever barred of his debt or demand. H. & H. 409–10.

In this cause, the creditor failed to establish his claim in either of the specified modes. He seeks to avoid the effect of the report of the commissioners, by the allegation that he had no notice of their sitting. The law directs that notice shall be given by advertisement, and it may very well be, that the advertisements were properly made, and yet the appellant have had no actual notice. He has placed himself in the situation of a party attacking the proceedings of a court of competent jurisdiction, and must, therefore, show the errors in such proceedings, if any exist. He has put nothing upon the record to enable us to judge of their correctness. He has given no copy of the order appointing the commissioners, or of anything else connected with their acts, except the naked report. It is impossible for us to say, upon the inspection of that, whether the requisitions of the law have been complied with or not. The ordinary presumption, in favor of the acts of a court of competent jurisdiction, therefore arises, and we must take the act of the court, in adopting the report, to be correct.

The court could not, at a term subsequent to that on which the report was received and confirmed, have set it aside, unless for some reason the previous order had been null and void.

The orders of the court, appointing the commissioners and directing the time when they were to make their report, were matters of record, to which the appellant might at all times have had access. At the time of the return of the report, he might have opposed it; and, for good cause shown, the court would, no doubt, have re-committed it. *Smith* v. *Dutton,* 16 Maine Rep. *Stetson* v. *Bass,* 9 Pick. 27. But the matter rested for upwards of a year after it had been received and acted on; and even then no evidence appears to have been offered of any irregularity or impropriety in the acts of the commissioners, or in the order of the court. The court could not, then, without the violation of all rule, have set aside the former order.

The petition for the appointment of referees, was filed a month after the other was dismissed, and seems to have no necessary connection with it, although attached to the same record. No notice was served upon the opposite party; these circumstances, in themselves, warrant the decision of the probate court. But we think it was also right upon the merits.

The provision of the statute, in regard to the appointment of referees, is, so far as relates to creditors, subsidiary to the appointment of commissioners; and it is only called into exercise, when the claim has been submitted to the commissioners, and has been, in whole or in part, rejected by them. The appellant had never presented his claim, and could not, therefore, be within the range of this provision.

It may be almost superfluous to add, that we do not here design to settle the construction of the statute, in a case in which it is shown that the commissioners acted without giving proper notice. This record does not present the point, and we leave it for determination when it may arise.

.     *The judgment of the probate court is affirmed.*